Jeffrey N. Williams No. 274008
jwilliams@wargofrench.com
**WARGO FRENCH LLP**
601 S. Figueroa St., Ste. 4625
Los Angeles CA 90017
Telephone:   310.853.6300
Facsimile:    310.853.6333

**Attorney for Defendant**
BUZZFEED, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOMOBILIA II, LLC, a Florida Limited Liability Company<br><br>        Plaintiffs,<br><br>              v.<br><br>BUZZFEED, INC. a Delaware Corporation; and DOES 1 through 10<br>        Defendants. | Case No. 2:20-cv-07368-ODW-PJW<br><br>DEFENDANT BUZZFEED, INC.'S ANSWER TO COMPLAINT<br><br>Complaint filed: August 17, 2020 |

Defendant BuzzFeed, Inc. ("BuzzFeed"), by and through its undersigned attorneys, hereby responds to the Complaint of Plaintiff Automobilia II, LLC ("Plaintiff" or "Automobilia") as follows:

## JURISDICTION AND VENUE[1]

1.     In response to Paragraph 1 of the Complaint, Defendant states that the Paragraph does not contain any factual allegations, but instead contains legal conclusions to which no response is required.  To the extent any response is required, Defendant admits that Plaintiff purports to bring this action under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*

2.      In response to Paragraph 2 of the Complaint, Defendant states that the Paragraph does not contain any factual allegations, but instead contains legal conclusions to which no response is required.  To the extent any response is required, Defendant states that it does not currently contest federal question subject-matter jurisdiction over Plaintiff's claims.

3.     In response to Paragraph 3 of the Complaint, Defendant states that the Paragraph does not contain any factual allegations, but instead contains legal conclusions to which no response is required.  To the extent any response is required, Defendant denies the conclusions set forth in Paragraph 3 of the Complaint.

## PARTIES

4.     Defendant is without knowledge or information sufficient to admit the truth or falsity of the allegations set forth in Paragraph 4 of the Complaint and therefore denies the same.

5.      In response to Paragraph 5 of the Complaint, Defendant states that its principal place of business is 111 East 18th Street, New York, NY 10003.  Defendant admits the remaining allegations set forth in Paragraph 5 of the Complaint.

---

[1] The headings herein are taken from Plaintiff's Complaint.  To the extent these headings contain any allegations or legal conclusions, Defendant denies all such allegations and conclusions.

6.     Defendant is without knowledge or information sufficient to admit the truth or falsity of the allegations set forth in Paragraph 6 of the Complaint and therefore denies the same.

7.     Defendant is without knowledge or information sufficient to admit the truth or falsity of the allegations set forth in Paragraph 7 of the Complaint and therefore denies the same.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPH A

8.     Defendant is without knowledge or information sufficient to admit the truth or falsity of the allegations set forth in Paragraph 8 of the Complaint and therefore denies the same.

9.     Defendant denies the allegations in Paragraph 9 of the Complaint.

10.     In response to Paragraph 10 of the Complaint, Defendant states that the Subject Photograph A and the photograph depicted in the Screen Capture, as defined in the Complaint, seem to resemble a photograph that appeared on Defendant's website at one time.  Defendant is without knowledge or information sufficient to admit the truth or falsity of the remaining allegations set forth in Paragraph 10 of the Complaint and therefore denies the same.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPH B

11.     Defendant is without knowledge or information sufficient to admit the truth or falsity of the allegations set forth in Paragraph 11 of the Complaint and therefore denies the same.

12.     Defendant denies the allegations in Paragraph 12 of the Complaint.

13.     In response to Paragraph 13 of the Complaint, Defendant states that the Subject Photograph B and the photograph depicted in the Screen Capture, as defined in the Complaint, seem to resemble a photograph that appeared on Defendant's website at one time.  Defendant is without knowledge or information sufficient to admit the truth or falsity of the remaining allegations set forth in Paragraph 13 of the Complaint and therefore denies the same.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPHS C, D, & E

14.    Defendant is without knowledge or information sufficient to admit the truth or falsity of the allegations set forth in Paragraph 14 of the Complaint and therefore denies the same.

15.    Defendant denies the allegations in Paragraph 15 of the Complaint.

16.    In response to Paragraph 16 of the Complaint, Defendant states that the Subject Photograph E and the photograph depicted in the Screen Capture, as defined in the Complaint, seem to resemble a photograph that appeared in an article on Defendant's website at one time.  Defendant is without knowledge or information sufficient to admit the truth or falsity of the remaining allegations set forth in Paragraph 16 of the Complaint and therefore denies the same.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

17.    In response to Paragraph 17 of the Complaint, Defendant expressly incorporates its responses to Paragraphs 1 through 16 of the Complaint herein.

18.    Defendant denies the allegations in Paragraph 18 of the Complaint.

19.    Defendant denies the allegations in Paragraph 19 of the Complaint.

20.    Defendant is without knowledge or information sufficient to admit the truth or falsity of the allegations set forth in Paragraph 20 of the Complaint and therefore denies the same.

21.    Defendant denies the allegations in Paragraph 21 of the Complaint.

22.    Defendant denies the allegations in Paragraph 22 of the Complaint.

23.    Defendant denies the allegations in Paragraph 23 of the Complaint.

## SECOND CLAIM FOR RELIEF

(For Violations of the Digital Millennium Copyright Act (17 U.S.C. § 1202 –
Against All Defendants, and Each)

24.    In response to Paragraph 24 of the Complaint, Defendant expressly incorporates its responses to Paragraphs 1 through 23 of the Complaint herein.

25.     Defendant is without knowledge or information sufficient to admit the truth or falsity of the allegations set forth in Paragraph 25 of the Complaint and therefore denies the same.

26.     Defendant denies the allegations in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations in Paragraph 27 of the Complaint.

28.     In response to Paragraph 28 of the Complaint, Defendant states that the Paragraph does not contain any factual allegations, but instead contains legal conclusions to which no response is required.

29.     Defendant denies the allegations in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations in Paragraph 30 of the Complaint.

Defendant denies each and every allegation in the Complaint not specifically admitted herein.  Defendant further denies each and every allegation in the Complaint's prayer for relief, and denies that Plaintiff is entitled to any of the enumerated forms of relief requested therein.

# AFFIRMATIVE DEFENSES

Defendant hereby asserts the following affirmative defenses to the claims and allegations as set forth in Plaintiff's Complaint, albeit out of an abundance of caution and without assuming the burden of proof where the burden of proof rests on Plaintiff:

## FIRST AFFIRMATIVE DEFENSE

1.     Plaintiff's Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a claim for relief.

## SECOND AFFIRMATIVE DEFENSE

2.     Defendant alleges that Plaintiff has suffered no losses or damages as a result of Defendant's alleged conduct, or any such losses or damages were *de minimis*.

## THIRD AFFIRMATIVE DEFENSE

3.     Defendant alleges that to the extent Plaintiff suffered any damages, which Defendant denies, those damages are barred, in whole or in part, by Plaintiff's failure to take reasonable efforts to mitigate its damages.

## FOURTH AFFIRMATIVE DEFENSE

4.     Defendant alleges that Plaintiff's claims are barred by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

5.     Defendant alleges that Plaintiff's claims are barred by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

6.     Defendant alleges that Plaintiff's claims are barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

7.     Defendant alleges that Plaintiff's claims are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

8.     Defendant alleges that Plaintiff's claims are barred by the doctrine of fair use.

## NINTH AFFIRMATIVE DEFENSE

9.    Defendant alleges that, to the extent Plaintiff's work was allegedly infringed, which Defendant denies, Defendant acted in good faith and lacked any knowledge or intent to infringe upon Plaintiff's rights.  If Defendant's good faith and lack of any knowledge or intent does not preclude a finding of liability as a matter of law, any general or statutory damages awarded should be reduced in kind.

## TENTH AFFIRMATIVE DEFENSE

10.    Defendant alleges that liability for the act(s) alleged in the Complaint is barred by the "safe harbor" protections of the Digital Millennium Copyright Act, 17 U.S.C. § 512(a).

## ELEVENTH AFFIRMATIVE DEFENSE

11.    Defendant alleges that Plaintiff lacks standing to pursue the claims alleged in the Complaint including, *inter alia*, by reason that Plaintiff is not the creator of the subject photograph(s) or lacks an ownership interest in the related copyright(s).

## TWELFTH AFFIRMATIVE DEFENSE

12.    Defendant alleges that Plaintiff's claims are barred by the applicable statute of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    Defendant alleges that it had a proper express or implied license to use, display and otherwise exploit the photograph(s) described in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    Defendant alleges that to the extent that the photograph(s) described in the Complaint could be viewed on Defendant's website, Defendant did not host copies of the photograph(s) on any server owned or controlled by Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    Plaintiff's claims are barred, in whole or in part, because Defendant has not copied any copyright-protected works in which Plaintiff holds an exclusive right.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     Defendant alleges that the statutory damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained, in violation of the Due Process Clause.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Defendant alleges that Plaintiff's highly selective enforcement of the alleged copyright, among other activity, constitutes a violation of Defendant's First Amendment rights.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Defendant alleges that Plaintiff's claims for costs and/or attorneys' fees are barred, in whole or in part, by operation of Federal Rule of Civil Procedure 68.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Defendant has not completed its investigation of the claims raised in this action, and thus reserves the right to assert additional affirmative defenses herein.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

WHEREFORE, though without waiving any objections, Defendant prays for judgment as follows:

1.      That Plaintiff takes nothing by reason of his Complaint;

2.      That judgment be entered against Plaintiff and in favor of Defendant;

3.      That Defendant recover all expenses, costs, and attorneys' fees in connection with this lawsuit; and

4.      That the Court grant Defendant such other and further relief as it deems just and proper.

Dated:  September 10, 2020                    WARGO FRENCH LLP

By: */s Jeff Williams*
    Jeffrey N. Williams

Attorney for Defendant
BUZZFEED, INC.